## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SUSAN JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. _____ |
| | ) | |
| SUMMIT HOSPITALITY, LLC, | ) | |
| SANJAY A. PATEL, and | ) | JURY DEMAND |
| KAYLASH PATEL | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Susan Jordan, by and through counsel, files this Complaint against Defendants Summit Hospitality, LLC, Sanjay A. Patel, and Kaylash Patel (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees. Plaintiff makes these allegations based on personal knowledge and information and belief:

### INTRODUCTION

1. This lawsuit arises from Defendants' willful breaches of the FLSA when failing to properly calculate and pay Plaintiff her wages during the period approximately July 2, 2021 through August 16, 2021.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331. This case involves a question of federal law pursuant to the FLSA. Damages are proper pursuant to 29 U.S.C. §§ 206, 207, and 216.

3. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transacted business in this judicial district, and a substantial portion of the events giving rise to the claims of Plaintiff alleged herein occurred in this judicial district.

## PARTIES

4. Plaintiff Susan Jordan is a resident of Georgia.

5. Defendant Summit Hospitality, LLC is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 3900 Fulton Industrial Blvd., Atlanta, GA 30336.

6. Defendant Summit Hospitality's registered agent for service of process is Sanjay A. Patel, 3900 Fulton Industrial Blvd. Atlanta, GA 30336.

7. Defendant Summit Hospitality is the company which runs or operates Quality Inn and Suites Near Six Flags East located at 3900 Fulton Industrial Blvd., Atlanta, GA 30336.

8. At all relevant times, Defendant Sanjay A. Patel was an owner or co-

owner, general manager, and/or primary decision maker of Summit Hospitality, LLC.

9. Defendant Sanjay A. Patel can be served at 3900 Fulton Industrial Blvd., Atlanta, GA 30336.

10. At all relevant times, Defendant Kaylash Patel was an owner or co-owner, general manager, and/or primary decision maker of Summit Hospitality, LLC.

11. Defendant Kaylash Patel can be served at 3900 Fulton Industrial Blvd., Atlanta, GA 30336.

## FACTS

12. Plaintiff's claims arise from her employment as a front desk employee at Quality Inn and Suites Near Six Flags East ("Quality Inn") located at 3900 Fulton Industrial Blvd., Atlanta, GA 30336.

13. Defendants Sanjay A. Patel and Kaylash Patel are owners and/or co-owners of Summit Hospitality, LLC ("Summit Hospitality") which operates the Quality Inn.

14. Defendants Sanjay A. Patel and Kaylash Patel own and/or operate the Quality Inn located at 3900 Fulton Industrial Blvd., Atlanta, GA 30336.

15. At all relevant times, Summit Hospitality had more than one employee

and had sales made or business done of not less than $500,000.00 during all relevant time periods.

16. Plaintiff was employed by Summit Hospitality from approximately July 2, 2021 through August 16, 2021.

17. At all relevant times, Defendant Sanjay A. Patel was the owner or co-owner, general manager, and/or primary decision maker of Summit Hospitality; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay.

18. Defendant Sanjay A. Patel exercised sufficient control over Plaintiff to cause Defendant Sanjay A. Patel to be Plaintiff's employer and individually liable for the FLSA violations.

19. Defendant Kaylash Patel was the owner or co-owner, general manager, and/or primary decision maker of Summit Hospitality; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay.

20. Defendant Kaylash Patel exercised sufficient control over Plaintiff to cause Defendant Kaylash Patel to be Plaintiff's employer and individually liable for the FLSA violations.

21. Defendants possessed the power to hire and fire Plaintiff and other employees at the Quality Inn; set the work schedules for Plaintiff and other employees at the Quality Inn; set the conditions of employment of Plaintiff and other employees at the Quality Inn; determined when Plaintiff and other Quality Inn employees received payment; and determined how much Plaintiff and other Quality Inn employees were paid.

22. Defendants were Plaintiff's employers and joint employers at the Quality Inn.

23. Plaintiff's primary job duty was to be a desk clerk at the Quality Inn, who checked in guests, answered questions, and took payments.

24. In performing her job duties for Defendants, Plaintiff did not perform executive functions or manage Defendants' operations.

25. In performing her job duties for Defendants, Plaintiff did not direct or supervise the work of any employees.

26. In performing her job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as

to the hiring, firing, or changing the status of any employee.

27. In performing her job duties for Defendants, Plaintiff did not exercise discretion or independent judgment with regard to matters of significance.

28. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

29. Plaintiff was a non-exempt employee of Defendants at the Quality Inn and was promised a wage of $10.00 per hour for each hour worked at the front desk.

30. At some point during Plaintiff's employment, she was promised an increased wage of $13.00 per hour for each hour worked at the front desk.

31. Defendants did not pay Plaintiff the promised hourly wages and instead failed to pay minimum wage and overtime required by the FLSA.

32. Defendants conspired and decided to violate minimum wage and overtime pay laws and attempted to conceal such violations in many ways, including but not limited to often paying Plaintiff her wages in cash.

33. Plaintiff worked seven days a week for 12 hours per day.

34. Plaintiff's schedule was 7:00 pm to 7:00 am every day.

35. Defendants sometimes required Plaintiff to work before her scheduled shift began and after her scheduled shift ended.

36. Defendants violated the FLSA by improperly deducting $350.00 per week from her pay for lodging, which Defendants provided her.

37. Defendants provided Plaintiff lodging at another hotel owned by Defendants, Regency Inn located at 4427 S. Commerce Dr., East Point, GA 30344 ("Regency").

38. Defendants reasonable cost, or actual cost, of the hotel room lodging for Plaintiff was less than $350.00 per week, which made it improper for Defendants to deduct that amount from her wages.

39. Plaintiff routinely worked in excess of forty (40) hours per workweek.

40. Defendants maintained records of hours that Plaintiff worked.

41. Plaintiff was denied earned wages by Defendants and denied minimum wage.

42. Plaintiff was not paid overtime at a rate of one and one-half times her hourly wage for hours worked in excess of forty (40) hours during the workweek.

43. Defendants willfully refused to pay Plaintiff properly for minimum wage and overtime compensation as required by federal law.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

44. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

45. Defendants were Plaintiff's employer and/or joint employer at the Quality Inn engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## I. Defendants Violated the FLSA by Improperly Deducting for Lodging.

46. Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate wages by inaccurately applying a lodging credit to Plaintiff's wages, Defendants violated FLSA, 29 U.S.C. § 203(m) and 29 CFR § 531.3.

47. Defendants charged Plaintiff $350.00 per week and another employee of Defendants $350.00 per week (totaling $700.00) for their shared lodging in a single Regency hotel room.

48. Regency had a weekly rate of $350.00 for up to four guests for the room, which was ½ what was charged to Plaintiff and the other employee.

49. Because Defendants' reasonable cost, or actual cost, of the hotel room was less than the amount charged to Plaintiff, Defendants violated the FLSA and 29 CFR § 531.3.

50. Because Defendants' reasonable cost, or actual cost, of the hotel room was less than the amount charged to Plaintiff because the other employee that shared lodging with Plaintiff paid for the lodging too, Defendants violated the FLSA and 29 CFR § 531.3.

51. Defendants overcharged Plaintiff for her lodging and deducted such lodging credit from her wages.

52. Defendants therefore underpaid Plaintiff her wages due to this inaccurate lodging credit, which contributed to cause Defendants' failure to pay minimum wage and proper overtime compensation.

**II.   Defendants Violated the FLSA by Failing to Pay for Overtime.**

53. Plaintiff regularly worked in excess of forty (40) hours per workweek at the Quality Inn.

54. Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked more than forty (40) hours per workweek.

55. As a result of Defendants' willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek at the Quality Inn, Defendants violated the FLSA,

29 U.S.C. §§ 207(a)(1) and 215(a).

56. Defendants' failure to pay overtime wages required by the FLSA constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover compensation for unpaid overtime wages from Defendants; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**III. Defendants Violated the FLSA by Failing to Pay Minimum Wage.**

58. Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff mandatory minimum wages.

59. As a result of Defendants' willful failure to pay Plaintiff minimum wages required by the FLSA, Defendants violated the FLSA, 29 U.S.C. §§ 206(a)(1) and 215(a).

60. Defendants' failure to pay minimum wages required by the FLSA constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover compensation for minimum wages from Defendants; an

additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this October 6, 2021.

**HALL & LAMPROS, LLP**

/s/ *Brittany A. Barto*
Christopher B. Hall
Ga. Bar # 318380
Brittany A. Barto
Ga. Bar # 501673
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*
